UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

****************

| | |
|---|---|
| PAUL TRICE, | Case No. |
| Plaintiff, | Honorable |
| Vs. | **COMPLAINT AND JURY DEMAND** |
| CCI/FINISHWORKS, an RPM COMPANY, an Indiana corporation, | |
| Defendant. | |

_____/

T. Michael Doyle (P12931)
DOYLE & MALINZAK, P.C.
Attorney for Plaintiff
45 Blue Star Highway
Douglas, Michigan 48864
(269) 857-3111
e-mail:  tmichael06t@aol.com
_____/

NOW COMES Plaintiff, Paul Trice, by and through his attorneys, DOYLE & MALINZAK, P.C., and hereby states as follows:

**JURISDICTION**

1. This action arises pursuant to the Americans with Disabilities Act, as amended, 42 USC § 12101 et seq., Title VII of the 1964 Civil Rights Act, as amended 42 USC § 2000e et seq.  Jurisdiction is specifically conferred on this Court by the aforementioned statutory provisions.  The jurisdiction of the Court is invoked pursuant to 42 USC § 2000e-5(f), 28 USC §§ 2201 and 2202, 28 USC § 1343; and 28 USC § 1367 (supplemental jurisdiction).

2. The unlawful employment practices alleged below were and are being committed within the Western District of the State of Michigan. Venue is proper therein pursuant to 28 USC § 1391.

3. The Equal Employment Opportunity Commission (EEOC) issued a Notice of Right to Sue, a copy of which is attached herein *(Schedule 1)*. Equitable and other relief are also sought under the aforementioned statutory provisions.

## PARTIES

4. Plaintiff Paul Trice is a citizen of the United States and resides in the County of Kent, which is within the Western District of the State of Michigan. Plaintiff Paul Trice was at all relevant times an employee of Defendant CCI/Finishworks, an RPM company ("CCI/Finishworks").

5. Defendant CCI/Finishworks is a company with its principal place of business in Shipshewana, Indiana, and was at all relevant times a company conducting business within the Western District of the State of Michigan or is otherwise within the jurisdiction of this Court. Defendant CCI/Finishworks was at all relevant times the employer of Plaintiff Paul Trice.

6. The discriminatory employment practices alleged in this complaint occurred within the Western District of the State of Michigan.

7. The Defendant is a "person" within the meaning of § 101(7) of the ADA, 42 USC 12111(7) and § 701 of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

8. The Defendant meets all of the requirements for employer status under the ADA, 42 USC § 12115(A).

## STATEMENT OF FACTS

9. The above paragraphs are incorporated by reference.

10. From November 18, 2013 to March 17, 2014 (Plaintiff agreed with Defendant on the initial date of Plaintiff's employment that the employment was to be for five years), Plaintiff was employed by Defendant CCI/Finishworks as an administrative assistant in the Human Resources Department where Plaintiff worked on payroll matters, tracking employees' personal time off, vehicle tracking, Core Policy Training to all new employees, Workmanship Compensation matters, as well as other duties. Plaintiff always performed his duties very well.

11. On March 17, 2014, Plaintiff was told by Myron Miller, Plaintiff's boss, supervisor and a Vice President of the company, that Plaintiff's employment with Defendant was being terminated and Miller said he should have hired someone who was younger, 50 or 52, and not someone who was 68, which is Plaintiff's age.

## COUNT I

## DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT
## 42 USC § 12101 et seq.

12. The above paragraphs are incorporated by reference.

13. At all relevant times, Plaintiff was an individual with a disability within the meaning of § 3(2) of the ADA, 42 USC 12102(I). Specifically, Plaintiff has a physical impairment of age.

14. Plaintiff is a qualified individual as that term is defined in the ADA, 42 USC 12111(8). Plaintiff is an individual who can perform the essential functions of his job as an administrative assistant in Defendant's Human Resources Department.

15. Defendant has failed to undertake any good-faith efforts, in consultation with Plaintiff, to identify and continue reasonable employment for Plaintiff.

16. Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

17. As a direct and proximate result of Defendant's discrimination on the basis of disability ("age"), Plaintiff has suffered lost wages, benefits and loss of employment opportunities.

18. As a direct and proximate result of Defendant's failure to continue Plaintiff's employment, Defendant has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## COUNT II

### RETALIATION
### AMERICANS WITH DISABILITIES ACT
### 42 USC § 12201 et seq.

19. The above paragraphs are incorporated by reference.

20. Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to terminating Plaintiff's employment because of Plaintiff's age.

21. The aforementioned actions deprived Plaintiff of his right to oppose said unlawful practices, in violation of the ADA, 42 USC 12117.

22. Defendant, through its employees, agents, managers, and/or assigns retaliated against Plaintiff because of Plaintiff's disability ("age") under the ADA, 42 USC 12117.

23. Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

24. As a direct and proximate result of Defendant's discrimination on the basis of disability ("age"), Plaintiff has suffered lost wages, benefits and loss of employment opportunities.

25. As a direct and proximate result of Defendant's unlawful actions, Defendant has caused, or continues to cause, Plaintiff to suffer substantial damages for pecuniary losses, mental losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**STATE LAW CLAIMS – SUPPLEMENTAL JURISDICTION**

**COUNT III**

**DISCRIMINATION**
**PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**MCL 37.1101 et seq.**

26. The above paragraphs are incorporated by reference.

27. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1201 et seq.

28. At all relevant times, Plaintiff was an individual with a disability as that term is defined by and within the meaning of the PDCRA, MCL 37.1103(c).

## DAMAGES

29. The above paragraphs are incorporated by reference.

30. As a direct and/or proximate result of the unlawful employment and other practices described above, Plaintiff Paul Trice has suffered the indignity of disability discrimination and the invasion of his right to be free from discrimination and humiliation.

31. As a direct and proximate result of the unlawful employment and other practices described above, Plaintiff Paul Trice has suffered physical pain and suffering, mental anguish, outrage, embarrassment, damaged reputation and disruption of his personal and working life, loss of self-esteem, loss of job satisfaction, and loss of the ordinary pleasures of everyday living.

32. As a direct and proximate result of the unlawful employment and other practices described above, Plaintiff Paul Trice has been deprived of wages past and prospective, loss of earning capacity, income and other employment benefits, including but not limited to, prospective retirement benefits, holiday and vacation pay and other promotional and fringe benefits of said employment, and has additionally been subjected to mental and financial distress and anxiety, and/or other damages known or unknown.

WHEREFORE, Plaintiff Paul Trice seeks against Defendant all appropriate damages arising out of law, equity and fact for each, or all, of the above causes of action, where applicable, and hereby requests the trier of fact, be it judge or jury, award to Plaintiff all applicable damages, including, but not limited to, compensatory, exemplary and/or punitive and all other relief arising out of law, equity and fact also including but not limited to:

a. Compensatory damages in the form of past and future losses, including but not limited to prospective retirement benefits, holiday and vacation pay and other promotional and fringe benefits in the amount as the jury and/or trier of fact deems appropriate, equitable and just under the circumstances;

b. Exemplary and/or punitive damages against the Defendant in the amount as the jury and/or trier of fact deems appropriate, equitable and just under the circumstances; and

c. Such other relief as may be applicable according to statutory and common law, including interest, costs and attorney fees.

Dated:  November 13, 2014         DOYLE & MALINZAK, P.C.
                                  Attorney for Plaintiff

                                  By:  /s/ T. Michael Doyle
                                     T. Michael Doyle (P12931)
                                     45 Blue Star Highway
                                     Douglas, Michigan 49406
                                     (269) 857-3111
                                     e-mail:  tmichael06t@aol.com

## **JURY DEMAND**

Plaintiff Paul Trice, by and through his attorneys, DOYLE & MALINZAK, P.C., hereby demands a trial by jury on all claims set forth above.

Dated:  November 13, 2014  DOYLE & MALINZAK, P.C.
Attorney for Plaintiff

By: */s/ T. Michael Doyle*
T. Michael Doyle (P12931)
45 Blue Star Highway
Douglas, Michigan 49406
(269) 857-3111
e-mail:  tmichael06t@aol.com